[No. 15918.    Department Two.    April 15, 1921.]

ELLA WOODLAND, *Appellant*, v. FIRST NATIONAL BANK OF LIND *et al.*, *Respondents*.[1]

HUSBAND AND WIFE (23-1)—SEPARATE PROPERTY OF WIFE—CONVEYANCES—EVIDENCE—SUFFICIENCY.  Where realty composed of community hotel property was conveyed by the husband to the wife without mention of the furniture and fixtures of the hotel, the wife's claim of separate ownership of the latter is not established, notwithstanding the testimony of husband and wife that the furniture was turned over to her at the time of transfer, where it appears that, after the transfer, the rents received from a lease of the hotel were paid into bank and checked out by the husband, and that the husband later mortgaged the furniture and fixtures to secure a community debt.

Appeal from a judgment of the superior court for Adams county, Carey, J., entered February 13, 1920, dismissing an action to restrain the sale of certain personal property.  Affirmed.

*Chas. W. Johnson*, for appellant.

*G. E. Lovell*, for respondents.

MAIN, J.—The purpose of this action was to restrain the sale of the furnishings and fixtures in a hotel building which were claimed to be the separate property of plaintiff and not the community property of herself and husband.  The trial, in the superior court, resulted in a judgment dismissing the action.  From this judgment, the plaintiff appeals.

[1]Reported in 197 Pac. 621.

On July 14, 1915, and for sometime prior thereto, S. W. Woodland and Ella Woodland, the appellant, were husband and wife. They owned at Lind, Washington, a hotel and furnishings thereof. They owned at Palouse, Washington, other real property. On the date named, the hotel property was conveyed by Mr. Woodland to Mrs. Woodland and at about the same time Mrs. Woodland conveyed the Palouse property to Mr. Woodland. Prior to this time, Mr. and Mrs. Woodland were living in the hotel. Subsequent to the transfers, they continued to live in the hotel as they had done before, Mr. Woodland at times spending some time in the country on a farm which he owned. On March 4, 1916, Mrs. Woodland leased the hotel and furnishings and for the years subsequent to 1915 paid the taxes and took the receipt in her own name. After the property was leased, the rent was paid to the First National Bank of Lind, and was placed in the account of Mr. Woodland who checked it out for such purposes as he desired. On January 1, 1918, Mr. Woodland mortgaged the furniture and fixtures of the hotel to the bank to secure an indebtedness, and the bank having proceeded to foreclose by notice of sale, this action was brought to restrain the sale, claiming, as above stated, that the furniture and fixtures of the hotel were the separate property of Mrs. Woodland.

The evidence of Mr. and Mrs. Woodland is to the effect that at the time of the transfers of the real properties the furniture was turned over to Mrs. Woodland. There is also evidence, that at this time an action was pending against Mr. Woodland and that the transfer of the property was for the purpose of placing it beyond the reach of a possible judgment creditor. The property being community property, its status as the separate property of Mrs. Woodland could be es-

15—115 WASH.

tablished by evidence which was clear and convincing. As already stated, there was no change in possession. For all practical purposes, the possession remained exactly after the transfer, or attempted transfer, as it was before. No bill of sale was given; no mention of the furniture and fixtures was made in any of the conveyances. It is probably true that they intended to transfer the furniture to Mrs. Woodland but the evidence is not such as to justify the holding that, as against a third party, it became her separate property. The trial court, after having seen the witnesses and heard them testify, declined to hold that the community character of the property had been changed. In this we think the court was correct. What character of evidence would be necessary to sustain a transfer under similar circumstances, it need not here be determined. It is sufficient to say that the evidence in this case does not convincingly establish a transfer.

The case of *Chase & Baker Co. v. Olmsted,* 93 Wash. 306, 160 Pac. 952, is not controlling. In that case the husband had given to the wife a player piano and music therefor. The question arose as to whether this was community property or a separate property of the wife. Under the facts of that case, it was held to be the separate property. The husband had so permitted his wife to deal with it that he would be estopped to claim any interest in it. There was nothing in that case to cast any cloud upon the motive of the husband in making the gift.

The judgment will be affirmed.

PARKER, C. J., MITCHELL, TOLMAN, and MOUNT, JJ., concur.