[No. 17549.    Department Two.    April 19, 1923.]

ELLA WOODLAND, *Respondent*, v. FIRST NATIONAL BANK OF LIND *et al., Appellants*.[1]

JUDGMENT (215)—RES-JUDICATA—MATTERS CONCLUDED. Judgment dismissing an action to restrain the foreclosure of a chattel mortgage as to certain personal property seized for foreclosure sale, and determining that the mortgage was a first lien thereon, is res adjudicata and a bar to a subsequent action after foreclosure sale to recover the value of the property seized and sold; since all rights could have been fully litigated in the first suit and a case should not be tried by piecemeal.

Appeal from a judgment of the superior court for Adams county, Carey, J., entered January 7, 1922, in favor of the plaintiff, in an action to recover the value of property sold under a chattel mortgage foreclosure. Reversed.

*G. E. Lovell*, for appellants.
*Chas. W. Johnson*, for respondent.

TOLMAN, J.—Respondent, as plaintiff, brought this action to recover the value of certain personal property sold under a chattel mortgage foreclosure, which, it is alleged, was not included in, or covered by, the mortgage. From a judgment against them in the sum of

[1]Reported in 214 Pac. 630.

$500, with interest and costs, the defendants have appealed.

Appellants raised, by affirmative answer, by objection to the introduction of any testimony, and in various other ways, the defense of *res judicata*, and chiefly rely on that issue here.

It appears that, after the appellant First National Bank of Lind had directed the appellant sheriff to proceed by notice and sale to foreclose the chattel mortgage in question, respondent brought an action against the bank and the sheriff, alleging that she was the owner in her separate right of,

"All the furniture and fixtures contained in the Hotel Lind Building, Lind, Washington, located on Lots 4 and 5, Block 2, original Town of Lind, Wash., consisting of office chairs, tables, dining room furnishing, tables, chairs, etc., and bed room furnishings for about thirty rooms, which consists of bed, mattresses, dressers, comodes and pillars, rugs, safe, in fact everything connected with the said hotel, linens and cooking utensils, etc., and so much thereof as has ever been contained in the premises therein described."

Therein further alleging that the sheriff had seized that property and would proceed to sell it unless restrained; that she desired to contest the right to foreclose upon said property, and the prayer was that she be adjudged to be the owner of the property free from the lien of the chattel mortgage and that the sheriff be restrained from further proceeding. The judgment in that case was to the effect that the personal property described was subject to the lien of the chattel mortgage and the action was dismissed, which judgment was affirmed on appeal to this court in *Woodland v. First National Bank of Lind,* 115 Wash. 448, 197 Pac. 621.

The chattel mortgage foreclosure having been consummated by sale, respondent brought this action,

alleging that the sheriff had seized and sold property not covered by the chattel mortgage. It conclusively appears that, before the bringing of the former action to contest the foreclosure, the sheriff had seized all of the property and respondent was fully advised as to that fact. She therefore was in a position to fully litigate all her rights and present all of her defenses to the mortgage, whether complete or partial, in that action, including the validity of the mortgage, the community or separate nature of the property therein described, and, also, if the sheriff had in fact seized anything not described in the mortgage, she then knew that fact positively and conclusively, and was in as good position to allege and prove it then as she has at any time since been.

Law suits should not be tried piecemeal, and in a long line of cases from *Sayward v. Thayer,* 9 Wash. 22, 36 Pac. 966, 38 Pac. 137, to *Brandon v. Leavenworth,* 99 Wash. 339, 169 Pac. 867, we have announced and adhered to the rule:

"The general doctrine is that the plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time."

As already stated, this point was raised in various timely ways, and should have been sustained.

The judgment is reversed with directions to dismiss the action.

MAIN, C. J., HOLCOMB, FULLERTON, and PEMBERTON, JJ., concur.