[No. 22217. Department One. June 2, 1930.]

PAULINE E. HARGIS, *Appellant*, v. THOMAS F. HARGIS, *Defendant*, HARGIS BANK & TRUST COMPANY OF JACKSON *et al., Interveners-Respondents.*[1]

*Richards, Gilbert & Conklin*, for appellant.

*W. B. Clark, O. R. Schuman, Williamson & Laberge, Cheney & Hutcheson*, and *Udell & Mitchell*, for respondents.

BEALS, J.—Pauline E. Hargis, the plaintiff in this action, is the wife of the defendant Thomas F. Hargis, they having intermarried in the state of Kentucky during the year 1914. In 1919, Mr. and Mrs. Hargis took up their residence in the city of Yakima, Washington, where it appears their matrimonial domicile has ever since been maintained. The couple have four small children, who reside with plaintiff and are under her care and custody. March 2, 1928, plaintiff in-

[1]Reported in 288 Pac. 664.

stituted this action, alleging in her complaint the marriage of the parties, the birth of their children and that, during the month of January, 1928, the defendant deserted his family, leaving her destitute.

Plaintiff further alleged that she had purchased certain real estate in Yakima county in which the community of herself and husband had some apparent interest, but which was in fact her separate estate. Plaintiff prayed for a decree requiring defendant to pay plaintiff such sums as the court might adjudge reasonable for the support and maintenance of herself and family; that she be awarded the custody of her children; and that her title to the real estate described in her complaint be quieted as against defendant.

Defendant Thomas F. Hargis having departed from this state, no personal service of process in this action was ever made upon him, nor did he appear therein, although he testified by deposition as a witness on behalf of the interveners. Jurisdiction to enter a decree against defendant was obtained by publication of the summons, in so far as such service can confer jurisdiction, and the default of the defendant was regularly entered. Meanwhile, Hargis Bank & Trust Company, of Jackson, Kentucky, a corporation, First National Bank of Yakima, a corporation, Fred Cleman, Tim Turner, W. J. Burianek and Pacific Fruit & Produce Company, a corporation, claiming to be creditors of Mr. and Mrs. Hargis, intervened in the action and answered plaintiff's complaint separately, setting up their respective claims against Mr. and Mrs. Hargis, and praying that the real property described in plaintiff's complaint be declared to be either the separate property of defendant or the community property of plaintiff and defendant, and that the same be declared to be subject to certain liens thereon which interveners claimed to have acquired by way of attachment or

judgment, in actions which interveners had instituted upon their respective claims against Mr. and Mrs. Hargis.

In her complaint, plaintiff describes two separate parcels of real estate, one, a valuable farm property known as the "Olsen ranch," the other described as lot 12, in block 390, Capital Addition to the city of Yakima. The action was tried to the court upon the issues as made up between plaintiff and the respective interveners. The court adjudged the lot in Capital Addition to be the separate property of plaintiff, as against the defendant, and no intervener was granted any lien thereon, with the exception of First National Bank of Yakima, the court holding that, as between plaintiff and that intervener, plaintiff was estopped to contend that the lot was her separate property or that the judgment rendered in favor of the Yakima bank was not a lien thereon. As to the other description of property, the Olsen ranch, the decree adjudged the same, as against defendant, to be the separate property of plaintiff, but declared that, as between plaintiff and the respective interveners, the ranch property was subject to the lien of interveners' judgments, the decree fixing the priorities as between the interveners.

From the decree, in so far as the same established the judgments which interveners had obtained upon their claims against defendant and plaintiff, as a marital community, as liens upon the real estate described in plaintiff's complaint, plaintiff appeals.

The intervener Hargis Bank & Trust Company cross-appeals from the refusal of the trial court to declare its judgment a lien upon both of the tracts of land described in plaintiff's complaint, the decree having made this intervener's judgment a lien upon the ranch property only.

Appellant's parents, who reside in Kentucky, and

defendant's parents, who also resided in that state, all appear to have been in affluent circumstances. They, from time to time, advanced large sums of money to their respective children, the parties to this action, but the more money was advanced the more the financial affairs of the young family in Yakima became confused and involved. Defendant's father was an officer of intervener Hargis Bank & Trust Company, to which institution and to his father defendant became indebted for large sums of money, while appellant's parents, Judge and Mrs. Eversole, advanced many thousands to her. The parties bought and sold several valuable properties in Yakima county, appellant testifying that on several occasions defendant conveyed to her his interest therein with the intent of making the same her separate estate. Two of these deeds from defendant to appellant were, according to appellant's testimony, lost, she having left them in a drawer of her dresser, from which they disappeared.

There is no doubt but what appellant's father advanced to her considerable amounts of money. Appellant argues that the cash with which the Olsen ranch was purchased was her separate estate, save as to the sum of $1,500, for which appellant concedes that intervener Pacific Fruit & Produce Company is entitled to have its judgment established as a lien upon that property.

Appellant cites many decisions of this court in which questions concerning the property rights of husband and wife, as between themselves and as against creditors, have been determined. The law as laid down in the cases cited by appellant is, unfortunately for appellant, not applicable to the state of facts disclosed by the record in this action. This statement of facts is very long, the testimony covering 388 typewritten pages. It is evident, as above stated, that,

from time to time, appellant received from her family large sums which were expended for the benefit of the appellant, the defendant, and their children. It is probable that, as between appellant and defendant, it was understood that defendant was heavily indebted to appellant, but from the record it is impossible to determine that the amount of indebtedness was ever definitely agreed upon or that steps were ever taken which, in law, were sufficient to protect appellant as against the claims of creditors of the community, or which can be held to make the two parcels of property with which we are here concerned appellant's separate property and free and clear from the lien of interveners' respective judgments, to any greater extent than as adjudged by the trial court.

Appellant never recorded the deeds of certain parcels of real estate owned by the parties, which deeds she claims defendant executed and delivered to her. The trial court, however, found that appellant's testimony as to the delivery of at least one of these deeds, covering the lot in Capital Addition, was true, and quieted her title to that tract as against all the interveners, save one, the First National Bank of Yakima, as to which the trial court properly held that appellant was estopped to assert her title.

Appellant must have been aware, at least during the greater part of her residence in Yakima, of the fact that her husband's financial operations were, to say the least, unwisely conducted, and that much money was being expended by him without any advantage to the community by way of investments or otherwise. Notwithstanding her knowledge of the situation, which is indicated by the fact that she says she sought to protect herself by procuring deeds from her husband to herself, and otherwise, appellant, being always advised by her father, a lawyer of many years' experi-

ence, allowed defendant to conduct the financial operations of the family and permitted funds which were undoubtedly her separate property to be so commingled with the community property that, under the doctrine of commingling, all became community. After careful consideration, we agree with the trial court that appellant cannot now maintain, as against interveners, who are *bona fide* creditors of the community, any claim that the Olsen ranch is her separate property or that interveners' judgments are not liens thereon.

A spouse who contends that property, presumptively community, is in fact separate, such contention being urged for the purpose of defeating claims of *bona fide* creditors of the community, must present clear and convincing testimony in support of such contention. *Ballard v. Slyfield,* 47 Wash. 174, 91 Pac. 642; *Graves v. Graves,* 48 Wash. 664, 94 Pac. 481; *In re Slocum's Estate,* 83 Wash. 158, 145 Pac. 204; *Plath v. Mullins,* 87 Wash. 403, 151 Pac. 811; *In re Curtis' Estate,* 116 Wash. 237, 199 Pac. 309. It would not be profitable to attempt in this opinion to trace the different financial operations of the parties, and the purchases and sales of real estate which they made, or the sources from which they derived the funds which they expended in buying their different properties. Appellant relied upon her husband, and undoubtedly her confidence was abused, but we conclude that the trial court properly applied the law to the very complicated state of facts presented for consideration, and that, as to respondent First National Bank of Yakima, appellant is estopped to assert that the lot in Capital Addition is her separate property, and that, as far as the Olsen ranch is concerned, it is subject to the liens of interveners' judgments.

Appellant contends that a considerable portion of

the testimony introduced on behalf of intervener Hargis Bank & Trust Company was incompetent and was improperly admitted. We have carefully examined the record and are satisfied that as to this intervener, as well as the others, the decree entered by the trial court is supported by competent evidence.

On the cross-appeal of Hargis Bank & Trust Company, we hold that the trial court was correct in holding that cross-appellant is not entitled to have its judgment declared a lien upon the lot in Capital Addition.

Finding no error in the record, the judgment appealed from is in all things affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and MILLARD, JJ., concur.