[No. 23597. Department Two. March 28, 1932.]

CASCADE LUMBER COMPANY, *Appellant,* v. PAULINE E. HARGIS, *Respondent.*[1]

*Rigg, Brown & Halverson,* for appellant.
*Richards, Gilbert & Conklin,* for respondent.

BEALS, J.—In the case of Warming v. Hargis, an action instituted during the month of September, 1928, for the foreclosure of a lien on real estate, this plaintiff filed a cross-complaint, seeking the foreclosure of its claim of lien against the property which was the subject matter of the action. The trial court held that plaintiff's claim of lien should not be enforced, and dismissed plaintiff's cross-complaint. On appeal to this court, the judgment of dismissal was affirmed. *Warming v. Hargis,* 159 Wash. 501, 294 Pac. 248. The action above referred to was tried upon the assumption that the real property upon which this plaintiff sought to impress its lien was the community property of Thomas F. and Pauline E. Hargis, who were for

[1]Reported in 9 P. (2d) 366.

many years husband and wife and residents of Yakima county.

After the trial of the lien case, this plaintiff discovered that, in another action, in which she was plaintiff and her husband and others were defendants, Pauline E. Hargis had testified that the property above referred to was her separate property, and that the only connection which her husband had had therewith was in representing her as her agent. The case in which Mrs. Hargis gave the testimony above referred to was also appealed to this court (*Hargis v. Hargis*), the opinion being found in 157 Wash. 251, 288 Pac. 664.

After the filing of the remittitur in the case of *Warming v. Hargis* (which will hereinafter be referred to as the lien case), plaintiff herein instituted this action against Mrs. Hargis, individually, asking for judgment against her in the sum of one thousand dollars on account of lumber furnished by plaintiff for the reconstruction of the home occupied by Mrs. Hargis and her family, which had been damaged by fire, being the same claim upon which plaintiff sought recovery in the lien case.

In the case at bar, the defendant, Pauline E. Hargis, interposed a plea of *res judicata,* alleging the institution and prosecution of the lien case and the entry of final judgment therein dismissing the cross-complaint of this plaintiff with prejudice. Upon the trial of this action, it was determined that the subject matter thereof could and should have been adjudicated in the lien case, and that the judgment therein rendered was *res judicata* as to plaintiff's claim herein. From a judgment dismissing this action, upon sustaining defendant's plea of *res judicata,* plaintiff appeals.

The only question presented is whether or not the judgment rendered in the lien case, denying this plain-

tiff, as cross-complainant therein, any relief, constitutes *res judicata* herein and bars any subsequent right of recovery on the part of this appellant as against Mrs. Hargis.

In the prior action, this appellant sought to establish its lien upon the Hargis property and to procure a judgment directing foreclosure thereof. In so far as this appellant is concerned, the judgment rendered in the lien case was simply a dismissal of appellant's cross-complaint with prejudice. In its cross-complaint in the lien case, this appellant alleged that Thomas F. and Pauline E. Hargis were husband and wife, and the owners, or reputed owners, of the property upon which this appellant sought to foreclose its lien. The prayer of appellant's cross-complaint contained the following:

"WHEREFORE, this cross-complainant prays . . . that cross-complainant have and recover of and from the defendants, Thomas F. Hargis and Pauline E. Hargis, husband and wife, and each of them, and the community comprised of them, the sum of $1,000, together with interest thereon at the legal rate from the 8th day of December, 1927, until paid . . ."

continuing with a demand for the foreclosure of its lien, and concluding with a prayer for general relief.

It is, of course, true that the prayer is no part of a complaint, and cannot enlarge the scope thereof as limited by the allegations therein contained upon which is based the demand for relief.

Respondent appeared in the lien case "on her own behalf and for the community consisting of herself and Thomas F. Hargis," and filed a general demurrer to appellant's cross-complaint. She later filed her answer to the cross-complaint, denying the material allegations thereof upon which appellant sought recovery, and praying that the cross-complaint be dismissed.

Respondent answered appellant's allegation that she and her husband were the owners, or reputed owners, of the real estate which appellant sought to subject to his lien, as follows:

"Answering paragraph 5 of said cross-complaint, this defendant admits that she and Thomas F. Hargis, as husband and wife, were the reputed owners of the real property described in said paragraph, but denies that Thomas F. Hargis, either individually or as a member of the community, owned said property or had any title to or interest therein."

In her answer, she also denied

" . . . that any interest or claim that she may have in and to the real estate described in paragraph 5 of said cross-complaint is subject, junior and inferior to the lien claimed by the cross-complainant, Cascade Lumber Company, thereon."

The decree entered in the lien case recites the entry of an order of default against Thomas F. Hargis, and, as to this respondent, contains the following:

" . . . and the defendant Pauline E. Hargis appearing by her attorneys of record, Richards, Gilbert & Conklin, but not appearing at the trial, and her default is hereby entered."

It is stated in the transcript of the evidence in the lien case, which is part of the record now before us, that the defendants appeared by their respective attorneys, and also shows that respondent testified as a witness during the course of the trial. The recital in the decree to the effect that respondent appeared by her attorneys but did not appear at the trial and referring to the entry of a so-called default against respondent, is meaningless, and has no effect so far as the question here presented is concerned.

It is, of course, true that, in an action for the foreclosure of a lien for labor and material against

real property, a personal judgment may be had against any party to the action who is liable to the plaintiff for the labor or material furnished, and who is subject to the jurisdiction of the court. *Hallett v. Phillips,* 73 Wash. 457, 132 Pac. 51.

By her answer to appellant's cross-complaint in the lien case, respondent expressly denied that her husband had any interest in the property which was the subject matter of that action, either as his separate estate or as a member of the community. Respondent invited cross-complainant to attempt to hold her personally upon its claim, and this matter was evidently within this appellant's contemplation, as appears from the prayer which concludes its cross-complaint.

The question of any possible personal liability on the part of respondent to appellant was so clearly part of the subject matter of the prior action that we must conclude that the question of respondent's personal responsibility for appellant's claim falls within the rule that,

" . . . in an action between the same parties, a judgment therein is *res adjudicata* as to all points in issue, and also as to all points which might have been raised and adjudicated in such action." *Perlus v. Silver,* 71 Wash. 338, 128 Pac. 661.

The following decisions of this court are to the same effect. *Sayward v. Thayer,* 9 Wash. 22, 36 Pac. 966, 38 Pac. 137; *Woodland v. First National Bank,* 124 Wash. 360, 214 Pac. 630; *Woods v. Rapoport,* 128 Wash. 140, 222 Pac. 220; *Crandall v. Iten,* 128 Wash. 277, 222 Pac. 894; *Judish v. Rovig Lumber Co.,* 128 Wash. 287, 222 Pac. 898.

In the case of *Woodland v. First National Bank, supra,* it appeared that the plaintiff (respondent in this court) sued to recover the value of certain personal property which had been sold under a chattel

mortgage foreclosure, which property plaintiff contended was not covered by the mortgage. From a judgment in plaintiff's favor, the defendants appealed to this court, contending that the judgment in the prior action between the same parties constituted *res judicata*.

It appeared that the appellant in the case cited, the mortgagee, had directed the sheriff to foreclose the mortgage by notice and sale, and that the respondent, the mortgagor, had instituted in the superior court a proceeding in which she alleged her ownership, in her separate right, of personal property which the sheriff had seized in the notice and sale proceeding. The judgment in the chattel mortgage foreclosure went against the mortgagor, Mrs. Woodland, and was to the effect that the personal property was subject to the lien of the chattel mortgage. After the sale in the chattel mortgage foreclosure, Mrs. Woodland instituted the action above cited, alleging that the sheriff had seized and sold property not covered by the chattel mortgage.

This court held that the prior action was *res judicata,* and reversed the judgment of the trial court in Mrs. Woodland's favor. In discussing the questions presented, this court said:

"It conclusively appears that, before the bringing of the former action to contest the foreclosure, the sheriff had seized all of the property and respondent was fully advised as to that fact. She therefore was in a position to fully litigate all her rights and present all of her defenses to the mortgage, whether complete or partial, in that action, including the validity of the mortgage, the community or separate nature of the property therein described, and, also, if the sheriff had in fact seized anything not described in the mortgage, she then knew that fact positively and conclusively, and was in as good position to allege and prove it then as she has at any time since been.

"Law suits should not be tried piecemeal, and in a long line of cases from *Sayward v. Thayer,* 9 Wash. 22, 36 Pac. 966, 38 Pac. 137, to *Brandon v. Leavenworth,* 99 Wash. 339, 169 Pac. 867, we have announced and adhered to the rule:

" 'The general doctrine is that the plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.' "

Appellant relies upon the case of *Anderson v. Burgoyne,* 60 Wash. 511, 111 Pac. 777. In the case at bar, we assume that, under appellant's cross-complaint in the lien case, it would not have been entitled to a separate judgment against respondent had she made no appearance in the action, and a judgment by default had been entered in favor of appellant on its cross-complaint. The case cited supports that proposition, but as to appellant's argument that the judgment in the lien case is not *res judicata* herein, the case cited is not in point, as in that case this court expressly held that the order relied upon as *res judicata* was not a final order, and therefore, under the authorities cited, could work no estoppel. By the pleadings in the lien case, respondent, as above set forth, tendered a direct issue as to her husband's interest in the property sought by appellant to be subjected to its claim of lien.

In the case of *Dunsmuir v. Port Angeles Gas, etc. Co.,* 30 Wash. 586, 71 Pac. 9, also relied upon by appellant, it was held that a decree in a prior action, in which it was held that no relief could be granted on account of certain taxes which had been paid by one of the parties, was not *res judicata* in a subsequent

action for the recovery of the money paid on account of such taxes. It appeared that, in the prior action, the matter of the rights of the plaintiff in connection with the taxes which he had paid was urged, but it was held that, while the parties benefited by the payment of the taxes were morally bound to repay the same, no judgment could be rendered therefor in the case which was then before the court. *Dunsmuir v. Port Angeles Gas, etc., Co.,* 24 Wash. 104, 63 Pac. 1095. This court, referring to this phase of the matter, in its opinion in the case relied upon by appellant, said:

"It thus appears from the opinion and facts stated in the former case that the right to recover the taxes paid by plaintiff was not determined."

It was held, upon authorities cited, that, under the circumstances shown, the decree in the prior action was not *res judicata* in the second proceeding. The party against whom it was sought to plead *res judicata* had apparently urged his right in the prior case, and had been prevented from obtaining relief by a ruling to the effect that such relief could not be granted in that action. It having become the law of the case that no judgment could therein be rendered on account of the taxes paid, it was properly held that the judgment did not constitute *res judicata* in a subsequent action to recover the amount of the taxes. The case cited, therefore, is not controlling upon the questions here presented.

In the case of *Egbers v. Fischer,* 73 Wash. 308, 131 Pac. 1128, it was held that a judgment of dismissal in a prior action, brought to establish a legal title and obtain possession of property, was not a bar to a subsequent action to establish and foreclose a lien for taxes paid in good faith by the plaintiff in the prior action, the taxes having been liens against the prop-

erty sought to be recovered. It was held that the plea of *res judicata* was not good. In discussing the question, this court used the following language:

"The respondent here, the plaintiff in that action, there relied upon his legal title, and did not seek to establish any lien for taxes paid upon the property. There is no splitting of a cause of action as the appellants contend. It seems quite obvious that there can be no estoppel to prosecute an action to foreclose a tax lien because the plaintiff had prosecuted a former action to establish his legal title and obtain possession of the premises. The two causes of action stand upon an entirely different footing. In truth, what the respondent did in the former action was to pursue a remedy which he did not have, and this does not bar an action upon a proper remedy."

As to the case at bar, it is evident that this appellant had available to it in the lien case every remedy which it has had at any time. Its alleged right to a lien must have rested upon a valid contract for the furnishing of its lumber made between appellant and some person who had authority to order the material. The lien case was equitable in its nature, appellant made respondent a party thereto, and brought respondent within the scope of the action by appropriate allegations, to which respondent pleaded.

Appellant sought to recover a judgment against Mr. Hargis and the Hargis community, and then was his opportunity to demand judgment against Mrs. Hargis, personally, if facts existed which entitled it to such relief. In this instance, there was a splitting of appellant's cause of action. The issues, as made up by the pleadings, squarely presented the question of Mr. Hargis' interest in the property, whether by way of any community interest on his part, or any interest which he might have owned therein as his separate property.

Appellant's chief reliance is upon the case of *Mallory v. Olympia,* 83 Wash. 499, 145 Pac. 627. This was an action brought to recover the reasonable value of labor and material furnished in connection with a municipal improvement. The defendant pleaded as *res judicata* a judgment rendered in a prior action, which one of the plaintiffs in the case cited had instituted, seeking a writ of mandate, which relief had been denied him. It was held that the mandamus proceeding was, in fact, an action upon an express contract, in which the trial court had entered a judgment holding that the plaintiff in that proceeding had been guilty of fraud, that he had abandoned his contract, and that he was entitled to no relief. In the case cited, this court held that the real controversy between the parties as to any amount due for labor or material actually furnished was not passed upon. In discussing the question, this court said:

"Can it be said that anything that is urged in this case was settled or decided by the court in the other case? The only possible theory that can be advanced against the right of appellants to maintain this action is that the judgment is conclusive of all things decided, or which might have been decided, in the former case. We have shown that the real issue between the parties was not decided, nor can it be held that it might have been decided. The plea of abandonment was in the nature of a plea in bar. When the court found that there had been an express contract and that it had been wilfully abandoned, the legal conclusion followed that a recovery could not be had upon the express contract. Therefore, the question of *quantum meruit* could not have been decided in the former action."

It is apparent that the decision of this court in the case cited held no more than that, in an action upon an express contract, in which it appeared from the evidence that the contract had been wilfully aban-

doned, and that, for this reason, the action should be dismissed, the judgment entered is not a bar to a subsequent suit instituted for the purpose of recovering upon a *quantum meruit.*

In the case at bar, respondent did not mislead appellant as to her contention concerning her husband's interest in the property, but by her answer clearly stated her contention in that regard. Respondent was present at the trial of the lien case and testified as a witness. The facts which appellant now contends would establish respondent's liability to appellant were all in existence at the time of the trial of the lien case, and we hold that this action is controlled by the doctrine laid down by this court in the cases of *Perlus v. Silver,* and *Woodland v. First National Bank, supra,* and the other authorities hereinabove referred to, rather than by the case of *Mallory v. Olympia,* last above cited.

Finding no error in the record, the judgment appealed from is affirmed.

TOLMAN, C. J., HOLCOMB, MILLARD, and MAIN, JJ., concur.