[No. 25442.   Department Two.   April 24, 1935.]

W. M. CURRIER, *Appellant,* v. J. M. PERRY *et al.,*
*Respondents.*[1]

McAulay & Freece, Snively & Bounds, and Robert J.
Willis, for appellant.

Harcourt M. Taylor, for respondents.

MITCHELL, J.—On November 1, 1931, there were is-
sued to W. M. Currier, W. C. Thorp, and John V.
Withers, as owners, each, certificates of the stock of
York Mines Corporation, all of which, upon being as-
signed in blank, were left by the owners with C. H.
Melson, an officer of the corporation, subject to the fur-
ther orders of the owners.

Thereafter, in May, 1932, Currier, Thorp and With-
ers brought a joint action, No. 25911, in the superior
court in and for Yakima county, against the corpora-
tion, R. A. Balch, C. H. Melson, J. A. C. Van Dissell

[1] Reported in 44 P. (2d) 184.

and J. M. Perry, officers of the corporation, alleging, in substance, that, in March of that year, the defendants wrongfully caused the stock certificates to be cancelled and re-issued in the name of J. M. Perry, and delivered them to him in several separate certificates, all without the knowledge or consent of the real owners; that thereupon the real owners demanded that the stock so wrongfully issued to Perry be delivered to the corporation for cancellation and to be re-issued to them, but that the demand was refused; that Perry then had in his possession and control a greater number of shares of the stock of the corporation than the number involved in the action.

The prayer of the complaint was that Perry be restrained from negotiating or placing beyond the power of the court shares of stock held by him to the number he thus wrongfully held; that the corporation and its officers cancel such shares upon their records and re-issue the same to the true owners, the plaintiffs in the action, free and clear of any and all claims on the part of the defendants or any of them; and that they have such other and further relief as to the court shall seem just and proper.

Upon issues joined by some of the defendants, and upon defaults of other defendants, the cause was tried without a jury. The judgment, among other things, was that the cancellation of the certificates of stock belonging to the plaintiffs in that action, in the amount of 40,000 shares owned by Withers, 35,000 shares owned by Currier, and 35,000 shares owned by Thorp, and the re-issue and delivery of an equal number of shares to J. M. Perry, were unlawful and without right. It was further ordered that, to that extent, stock in Perry's name be delivered by him and cancelled and re-issued to the true owners, and that plaintiffs therein have their costs of suit. That judgment was dated and

filed July 5, 1933, pursuant to which stock was re-issued and delivered in proper amounts to the complainants shortly after the entry of the judgment in that case.

Thereafter, November, 1933, the present action for damages was brought by W. M. Currier against Perry and Balch. In his complaint, he states three causes of action, one in his own right, one as assignee of W. C. Thorp, and another as assignee of John V. Withers. The theory of each cause of action is that the defendants wrongfully caused the corporation, through its officers, to cancel the certificates of stock belonging to the plaintiffs and re-issue the same to Perry, who refused to re-deliver the same, or have it re-issued, to plaintiffs, the real owners, until compelled to do so by the judgment in superior court cause No. 25911, in July, 1933; and that, at the date of the conversion of the stock, March, 1932, the stock was worth one dollar per share, and only two cents per share when re-delivered to the plaintiff and his assignors, a difference of ninety-eight cents per share, showing the loss and damages sustained and claimed by the plaintiffs.

In their answer, respondents set up the pleadings and judgment in superior court cause No. 25911, claiming the judgment in that case to be a bar to the present action. Appellant demurred to this defense. The demurrer was overruled. Appellant filed a reply, affirmatively alleging that, after the entry of judgment in superior court cause No. 25911, it was some weeks before the stock was re-issued and delivered to appellant and his assignors; that the value of mining stock fluctuated greatly from time to time, and

"That because of the fluctuating nature of the market value of said corporate stock it was impossible for the said plaintiffs in said case No. 25911 to determine the amount of their damages resulting from the wrongful detention of said stock from defendants pos-

session until after the same had actually been delivered to said plaintiffs.''

A demurrer to the affirmative defense was sustained. Plaintiff refusing to plead further and electing to stand upon his pleadings, the action was, on motion of defendants, dismissed, with prejudice. Plaintiff has appealed.

On the appeal, there are no assignments of error, but it is plain, as stated in appellant's brief:

''Putting it briefly, the question and only question involved in this appeal is: Was the judgment entered in the cause of W. C. Thorp, W. M. Currier, and John V. Withers v. York Mines Corporation, R. A. Balch, C. H. Melson, J. A. C. Dissell, and J. M. Perry, being cause No. 25911 in the Superior Court of Yakima County, Washington, *res judicata* as to the claim set up by the plaintiff in the present action?''

And as further stated in appellant's brief:

''Whether or not the judgment in action No. 25911 is *res judicata* of the issues raises the question of whether or not there was a splitting of causes of action.''

Before discussing these questions, it may be stated that, in our opinion, the affirmative matter set up in the reply that there were some weeks' delay in having the stock re-issued after the date of the judgment in superior court cause No. 25911, was in no substantial way material to the issues in the present case. That delay had nothing to do with the vital questions of *res judicata* or the splitting of causes of action upon which the present case depends. Besides, upon the entry of the judgment in that case, the plaintiffs therein could have had execution according to the terms of the judgment, which was neither stayed nor superseded by the debtors, issue at once, but no execution was taken out. The plaintiffs therein had no one to blame for the short delay in becoming re-possessed of the stock.

■ On the main question in this case, there is no uncertainty about the rule in this state. As early as *Sayward v. Thayer,* 9 Wash. 22, 36 Pac. 966, 38 Pac. 137, it was stated:

"The general doctrine is that the plea of *res judicata* applies, except in special cases. not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time."

That rule has been steadfastly adhered to and followed in this state. Some of our cases so holding are, as follows: *Achey v. Creech,* 21 Wash. 319, 58 Pac. 208; *Spokane Valley Land & Water Co. v. Jones & Co.,* 53 Wash. 37, 101 Pac. 515; *Loeper v. Loeper,* 81 Wash. 454, 142 Pac. 1138; *Woodland v. First National Bank,* 124 Wash. 360, 214 Pac. 630; *Sprague v. Adams,* 139 Wash. 510, 247 Pac. 960, 47 A. L. R. 529; *Munro v. Irwin,* 163 Wash. 452, 1 P. (2d) 329; *Cascade Lumber Co. v. Hargis,* 167 Wash. 409, 9 P. (2d) 366; *Globe Construction Co. v. Yost,* 173 Wash. 528, 23 P. (2d) 895. In the last case, it was taken for granted that the rule is so well understood in this state that it was referred to in the terse, yet comprehensive, language, as follows:

"The matter in controversy here was included within the matter in controversy there. It either was, or else could have been, adjudicated in the former action. That judgment, therefore, became *res judicata* of the issues and matters here presented."

There was no legal reason why plaintiffs in superior court cause No. 25911 could not have recovered damages, if there were any, for the unlawful detention or conversion of their stock at and in the same action they recovered possession and the quieting of their title to the stock.

■ The same result is reached if we consider the cause under the narrower, but well-established, rule against the splitting of causes of action. *Kinsey v. Duteau,* 126 Wash. 330, 218 Pac. 230; *White v. Miley,* 137 Wash. 80, 241 Pac. 670. The doctrine of the cases hereinabove mentioned controls the present case and establishes the correctness of the judgment appealed from.

Appellant relies on *Harsin v. Oman,* 68 Wash. 281, 123 Pac. 1, *Helsley v. American Mineral Production Co.,* 118 Wash. 571, 204 Pac. 190, and *Louisville Gas Co. v. Kentucky Heating Co.,* 132 Ky. 435, 111 S. W. 374. In the first case, the second right of action did not exist at the time the first action was tried; therefore, the first judgment was not a bar to the second one, because, as stated by the court,

"It follows from the very nature of things that a cause of action which did not exist at the time of a former judgment could not have been the subject-matter of the action sustaining that judgment."

In the second case, it was held that the contract in question was divisible, the obligations created by it falling due at different times, and hence a judgment in the first action, upon the obligation then due, was not a bar to the second action.

In the Kentucky case, the plaintiff in the first suit asked for and obtained only injunctive relief, and afterwards brought a suit in damages, or, as stated in the opinion:

"In other words, it is claimed that the cause of action for injunctive relief and for damages was one entire cause, and, having taken only partial relief, the present action is a splitting of the cause."

But, in answer, the court said:

"Some decisions of courts of other states are cited in support of this contention, but such a rule does not apply under the laws of this state."

That is, in Kentucky, the practice, as regulated by the laws of that state, is different from what we have at all times held it to be in this state.

Judgment affirmed.

MILLARD, C. J., STEINERT, BLAKE, and HOLCOMB, JJ., concur.