[No. 30136. Department One. June 7, 1947.]

*In the Matter of the Estate of* HARRY F. BAKER, *Deceased.* GRACE L. BAKER *et al., Appellants,* v. SARAH L. FIELD *et al., Respondents.*[1]

[1]Reported in 181 P. (2d) 826.

*John W. Fishburne* and *Harry H. Johnston,* for appellants.

*Rex S. Roudebush,* for respondents.

ABEL, J.—On March 20, 1944, defendant Sarah L. Field signed a petition for the appointment of an administrator of the estate of Harry F. Baker, who was alleged to have died intestate in 1933 when a resident of Missouri. The only property in the estate consisted of a half interest in certain real estate in Pierce county. An administrator was appointed, and thereafter the court appointed appraisers, who appraised the property in the sum of twelve hundred fifty dollars. Subsequently, the administrator filed a motion for reappraisal of the estate. This motion was supported by an affidavit of defendant Sarah L. Field which alleged that she owned the other one-half interest in the property belonging to this estate, and that, in addition, the interest of this estate was subject to her right to live upon and have a home on the premises as long as she lived. The court entered an order directing a reappraisement, in which it stated:

". . . it appearing from the affidavit of Sarah Field, sister of the decedent, and also from the records and files herein that the motion should be granted, . . ."

The value of the real estate on the reappraisement was fixed at one hundred dollars.

The administrator filed his final report on November 6, 1944, and, among other things, he alleged that the property was subject to the life estate of defendant. Thereafter, on order of the court, due notice of the hearing was given, as provided by law. The hearing was held on December 4, 1944, when the final account was approved; but the court entered an order continuing the hearing on distribution to allow the administrator time to sell the real estate. The findings of the court in this last order were that the property belonging to the estate was subject to the life interest of defendant Sarah L. Field, and the court decreed that the final report and account of the administrator was approved. The interest of the estate in the real estate was

sold for $208.35 to defendant Sarah L. Field, who claimed the life estate, which amount was only sufficient to pay the court costs and costs of administration. A supplemental report was filed by the administrator, and an order was entered closing the estate and discharging the administrator on February 5, 1945.

On October 14, 1946, plaintiffs filed a petition to set aside the order confirming sale of real estate, distributing estate, and releasing administrator and his bondsmen. The petition alleges, among other things, that plaintiffs are the widow and son of the deceased, and that defendant Sarah L. Field is a sister of the deceased and defendant C. E. Osborne is the administrator of the estate of the deceased; that an inventory was filed in the estate which sets forth that the decedent was the owner of a one-half interest in certain real estate that was originally appraised for twelve hundred fifty dollars; that, thereafter, Sarah L. Field petitioned the court for a reappraisement of the property, in which petition she claimed a life estate in the real estate; that the court entered an order for reappraisement, and that the same was based solely upon the affidavit of Sarah L. Field.

Defendants made a motion to quash the show cause order issued upon this petition, and, after hearing argument, the trial court granted the motion and dismissed the petition. Plaintiffs have appealed.

Appellants claim error because the court, in ordering reappraisement of the property, acted in excess of its jurisdiction, and that, the reappraisement being the basis for all further proceedings in the probate, the court was acting without requisite authority. Appellants further claim that, in receiving the affidavit and in giving it sufficient consideration to order a reappraisal, the court was not only acting in error but was acting in excess of its jurisdiction, because the reception of that affidavit was in violation of the statute forbidding such evidence to be received; appellants claiming that there is a vast difference between acting in error of judgment and in doing something expressly forbidden by the statute, and that, when the court does that, it is acting

in excess of its jurisdiction and, in so acting, it does a void thing.

Assuming, therefore, that the allegations of appellants' petition are true and that respondents gave false or illegal evidence to obtain a reappraisement of the estate and that the court entered its order for a reappraisement without any legal proof, does that deprive the court of jurisdiction to proceed further with the estate on the basis of the reappraisement?

Section 1465, Rem. Rev. Stat. (Sup.) [P.P.C. § 974-51], provides, in part, that the executor or administrator

". . . shall make application to the court to appoint three disinterested persons to appraise the property so inventoried, and it shall be the duty of the court to appoint such appraisers. . . ."

Section 1500, Rem. Rev. Stat. [P.P.C. § 213-17], has to do with the sale of property in an estate and provides, in part, as follows:

". . . If it has not been so appraised, or if the court is satisfied that the appraisement is too high or too low, appraisers may be appointed, . . ."

■ From the above, it is apparent that the court can order a reappraisement of the property in an estate whenever it is satisfied that the prior appraisement is too high or too low. Many factors could be taken into consideration by a probate court in determining whether an appraisement was too high or too low. The order of the probate court directing the reappraisement is based not only upon an affidavit but also upon the records and files in the estate. There can be no question but that the probate court had ample authority to order a reappraisement. Disregarding the affidavit of Sarah L. Field, the court had authority to order a reappraisement based upon the records and files in the estate.

■■ Appellants charge the respondents with fraud in deceiving the court by the use of this affidavit to get a reappraisement and in continuing to mislead the court by selling the real estate on the basis of the reappraisement and closing the estate. There is also the claim that respondent Sarah L. Field well knew, at all times, the address of

appellants and that she kept from them and concealed all knowledge of the fact that the estate was being probated, and that the entire probate proceedings were the result of a conspiracy, entered into between respondent Sarah L. Field, respondent Osborne, and their attorney, to defraud appellants.

There is no allegation that respondents did anything other than fail to notify appellants of the probate proceedings. There is no charge that respondents did anything to lull appellants into a sense of security and, thereby, cause them to fail to make any inquiry regarding the probate proceedings. Under our probate law, appellants were entitled to certain notice in the probate proceedings, which was the posting and publication provided for by statute. This was given properly, and appellants were entitled to no further notice. Therefore, the fraud charged relates to matters of proof before the probate court and not to any fraud extrinsic or collateral to the issue being tried.

In the case of *In re Christianson's Estate*, 16 Wn. (2d) 48, 132 P. (2d) 368, the question was whether fraud was practiced upon the probate court. After citing a number of cases, this court stated:

"These decisions hold, in substance, that a decree of distribution entered upon due notice is, in the absence of extrinsic fraud, *res judicata* as to the rights of persons interested to participate in the estate. *Farley v. Davis*, 10 Wn. (2d) 62, 116 P. (2d) 263. In the leading case, *In re Ostlund's Estate, supra* [57 Wash. 359, 106 Pac. 1116], a decree of distribution was entered awarding all the property of the deceased to her husband under the terms of a will which failed to mention the testatrix's children. Holding the decree of distribution conclusive, the court said, p. 364:

" 'The contention that the court, in rendering the decree, erroneously determined who was entitled to the property as distributee upon distribution of the estate of Elsie Ostlund, goes only to the merits of the question then before the court, and is wholly foreign to the question of the jurisdiction of the court to determine who was entitled to the property then being distributed.

" 'It is true the decree does not create the title in the distributees, but it is a solemn adjudication of who acquired the title of the deceased, and if rendered upon due process of law is final and conclusive upon that question. Its very object and purpose is to judicially determine who takes the property left by the deceased.' "

In the case at bar, there was no fraud alleged which was extrinsic of the matters before the court, and, since appellants had constructive notice of the probate proceedings and they did not appeal within the time provided by statute, the questions determined by the probate court are *res judicata.*

The judgment is affirmed.

MALLERY, C. J., MILLARD, SIMPSON, and HILL, JJ., concur.