[No. 30242. *En Banc.* January 22, 1948.]

MARY WITTE, *Appellant,* v. THE OLD NATIONAL BANK OF SPOKANE *et al., Respondents.*[1]

*G. E. Lovell,* for appellant.

*Witherspoon, Witherspoon & Kelley* and *W. A. LaFollette,* for respondents.

[1]Reported in 189 P. (2d) 250.

SCHWELLENBACH, J.—This is an appeal from an order of dismissal after sustaining a demurrer to the amended complaint.

The amended complaint follows:

"(1) That she is the surviving spouse of E. A. Witte, deceased, who died in Whitman County, in the month of January, 1942. That at the time of the death of the said E. A. Witte, the plaintiff and the said E. A. Witte owned approximately five hundred thousand dollars worth of community property.

"(2) That, with intent to defraud the plaintiff, the said E. A. Witte drew a will falsely stating that the said property was not community property, but was the separate property of the said E. A. Witte, and named his children, Adam Witte, Clarence Witte, and Eva Kerns as the devisees of his said estate.

"(3) That under the said will the Old National Bank of Spokane, defendant herein was appointed executor or administrator and acted in such capacity, and John Evans was chosen by the said Bank and acted as the attorney for the said executor.

"(4) That for the purpose of defrauding the plaintiff, the said E. A. Witte had placed large amounts of real property in the names of his various children, devisees under the will.

"(5) That an agreement was entered into between the plaintiff and the devisees for a division of the property providing that the status of the property, whether separate or community should be thereafter determined.

"(6) That the defendants herein, as trustees of the said estate acted in collusion with the devisees under the said will, and disregarding the terms of the agreement that the status of the property should be determined, inventoried the said property as the separate property of the deceased. They well knew all of the facts in relation to the said property, and their actions in inventoring the said property as separate property was not an attempt to fairly represent the said estate but was in the interest of the said devisees hereinbefore named.

"(7) That the said defendants well knew that the said E. A. Witte had fraudulently placed various pieces of real property in the names of his children, but they refused to inventory the said property in the estate, although requested to do so.

"(8) That by reason of the action of the said defendants

in inventoring the said real property falsely, and failing to inventory in the estate the real property belonging to the estate, the plaintiff was forced to go to a large amount of expense in employing cousel, and in resisting the attempt to distribute the property under the said theory. That the said actions were not in any way in the interest of the estate but were opposed to the interest of the estate.

"(9) That under the theory that the property of the estate was separate property, the said defendants, without any order of the Court paid to the United States Government and the State of Washington a large and excessive amount of taxes, which would have been no lien against the estate if the inventory had been proper.

"(10) That acting for and in the interest of the devisees under the will and against the interest of this plaintiff, the defendants filed a final account, asking the Court to distribute the property of the estate under the false and fraudulent will and under the false and fraudulent inventory as filed therein. That the true facts were not advanced by the defendants in that cause and the Court found that all of the said property was separate property.

"(11) That the said Adam Witte, Clarence Witte, and Eva Kerns made no appearance at the time of the final account, but were represented by the defendants. That the matter was appealed from the judgment of the lower Court, and the said devisees were not represented in the Supreme Court but the attorney, John Evans, appeared for the said parties in the Supreme Court, and filed a brief and argued orally that the property was separate property and should not be inventoried in the estate. That the said appearance in the Supreme Court was not in the interest of the estate, but was in the interest of the devisees under the will and against the interests of the estate and against the interests of this plaintiff.

"(12) That the Supreme Court held that the said property and each and all thereof was community property, that all of the said property was wrongfully inventoried as separate property and that the payment of the excessive taxes was wrongful and the real estate and personal property was thereafter distributed under a new inventory, and plaintiff was given a large recovery from the estate.

"(13) That all of the action of the defendats in the above entitled estate were wrongful and were not in the interest of the said estate, but were made by the defendants with full knowledge of all of the facts herein for the purpose of defrauding plaintiff.

"(14) That by reason of the fraudulent action of the defendants as aforesaid, plaintiff has been to large expense in employing counsel in costs, in time lost, in transportation, in interest for moneys delayed in the accounting, and in the reduction of her distributive share in the estate, all to the amount of $25000.00.

"Wherefore, plaintiff prays judgment in the sum of $25000.00, for her costs and disbursements, and for such other and further relief as to the Court may seem meet and equitable."

The controversy concerning this estate has been before us twice. *In re Witte's Estate,* 21 Wn. (2d) 112, 150 P. (2d) 595; and *In re Witte's Estate,* 25 Wn. (2d) 487, 171 P. (2d) 183.

In the first-mentioned case, at the hearing before the trial court, the following exceptions were filed to the final account of the executor: that all of the property left by the deceased, except approximately 500 acres, was community property; that, in addition, certain described property was community property and should have been inventoried in the final account; that Mrs. Witte excepted to the payment to her in any sum less than $100,000; and to the payment of state and Federal taxes, and attorneys' and executor's fees in excess of certain stated sums.

Upon an adverse ruling, Mrs. Witte appealed to this court. (21 Wn. (2d) 112.) We held that certain property in the estate was community property and should have been inventoried as such. We then returned the matter to the trial court to proceed further in a manner consistent with the views expressed in the opinion therein.

As a result of the second hearing, appellant's distributive share in the estate was increased from $46,467.62 to $100,-057.25. In her second appeal (25 Wn. (2d) 487), she contended that, upon the death of her husband, she owned half of the community property, and that this then became her separate property. However, we affirmed the trial court because, as a part of the original proceedings, she had stipulated with the other three heirs that she would take one fourth of the property as inventoried, after deducting taxes, claims, and costs of administration.

■ Does the amended complaint state facts sufficient to constitute a cause of action? All facts well pleaded are admitted as true for the purposes of demurrer. The amended complaint alleges fraud on the part of the defendants, by reason of which the plaintiff has been put to large expense, to her damage in the sum of twenty-five thousand dollars. In the recent case of *McHenry v. Short, ante* p. 263, 186 P. (2d) 900, we said:

"In determining whether or not a complaint is sufficient as against a demurrer, the pleading, taken as a whole, will be liberally, not strictly, construed, with a view to substantial justice between the parties. Rem. Rev. Stat., § 285 [P.P.C. § 86-3]; *McMahan v. Mutual Benefit Health & Acc. Ass'n*, 28 Wn. (2d) 202, 182 P. (2d) 4, and cases therein cited.

"We have frequently held that where substantial facts constituting a cause of action are stated in the complaint or can reasonably be inferred from the matters set forth therein, although the allegations of such facts are in effect conclusions of law, or are otherwise imperfect, incomplete, or defective, the insufficiency pertaining to the form rather than to the substance of the pleading, the proper mode of correction is not by demurrer nor by excluding evidence at the trial, but by motion before trial to make the averments more definite and certain by amendment. *McMahan v. Mutual Benefit Health & Acc. Ass'n, supra,* and cases therein cited."

Respondents state the questions involved:

"May one who has brought a successful action for the recovery of a legal right bring a subsequent action to recover expenses incident to the first case?

"Where interest is not allowable in the original action may a party thereto bring a separate action to recover interest from the executor and its attorney?"

■ In other words, could, or should, the present claim of appellant have been presented and heard in the prior actions? As early as *Sayward v. Thayer*, 9 Wash. 22, 36 Pac. 966, 38 Pac. 137, it was stated:

"The general doctrine is that the plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an

opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time."

That rule has been steadfastly adhered to and followed in this state. Some of our cases so holding are as follows: *Achey v. Creech,* 21 Wash. 319, 58 Pac. 208; *Spokane Valley Land & Water Co. v. Jones & Co.,* 53 Wash. 37, 101 Pac. 515; *Loeper v. Loeper,* 81 Wash. 454, 142 Pac. 1138; *Woodland v. First Nat. Bank,* 124 Wash. 360, 214 Pac. 630; *Sprague v. Adams,* 139 Wash. 510, 247 Pac. 960, 47 A. L. R. 529; *Munro v. Irwin,* 163 Wash. 452, 1 P. (2d) 329; *Cascade Lbr. Co. v. Hargis,* 167 Wash. 409, 9 P. (2d) 366; *Globe Const. Co. v. Yost,* 173 Wash. 528, 23 P. (2d) 895; *Davis v. Starkenburg,* 5 Wn. (2d) 273, 105 P. (2d) 54.

In *Currier v. Perry,* 181 Wash. 565, 44 P. (2d) 184, Currier, Thorp, and Withers were issued certificates of stock in the York Mines Corporation, all of which, upon being assigned in blank, were left by the owners with one C. H. Melson, an officer of the corporation, subject to their further order. Later, they commenced an action against the corporation and its officers, alleging that the defendants wrongfully caused the certificates to be canceled and reissued in the name of J. M. Perry. Upon trial, there was a finding that the cancellation and reissue of the certificates were unlawful and without right. Judgment was rendered ordering that the stock in Perry's name be delivered by him, canceled, and reissued to the true owners, and that the plaintiffs have their costs of suit.

Thereafter, an action was brought by Currier against Perry and Balch, alleging that the defendants had wrongfully caused the corporation, through its officers, to cancel the certificates and reissue the same to Perry, who had refused to deliver them to the real owners until compelled to do so by the judgment hereinbefore referred to; that, at the time of the conversion, the stock was worth one dollar per share and worth only two cents per share when recovered. In their answer, the respondents set up the pleadings and

judgment in the prior case as a bar to the present action. The appellants demurred to this defense, which was overruled; appellants then filed a reply alleging that, because of the fluctuating value of the stock, it was impossible to determine the amount of its value until the stock was delivered.

A demurrer to the affirmative matter in the reply was sustained. The plaintiff refused to plead further, and the action was dismissed. Upon appeal, in determining whether the prior judgment was *res judicata* to the claim of the plaintiff in the present action, we said:

"There was no legal reason why plaintiffs in superior court cause No. 25911 could not have recovered damages, if there were any, for the unlawful detention or conversion of their stock at and in the same action they recovered possession and the quieting of their title to the stock."

It will be noticed that in all of these cases the question of *res judicata* was raised by answer. The cases mentioned the "plea of *res judicata*."

█ "Where a defect appears on the face of a pleading, a demurrer may be used to take advantage of it, but such matter only, and not matter which does not appear on the face of the pleading demurred to, will be considered; and this rule has been applied to the following matters, . . . res judicata." 49 C. J. 420, § 535b.

"A complaint, to be bad on general demurrer, must be wholly insufficient; if to any extent, on any reasonable theory, it presents facts sufficient to justify a recovery, it will be sustained. And while a general demurrer presents for the consideration of the court the entire pleading assailed, and searches the record, reaching the first pleading defective in substance, the court in ruling upon the demurrer has no right to go outside the pleadings for information, or to consider matters or evidence dehors the record, but must rely wholly and entirely upon the language of the pleadings." 41 Am. Jur. 464, § 245.

*Golden v. McGill*, 3 Wn. (2d) 708, 102 P. (2d) 219, was an appeal from a judgment, entered upon the sustaining of a demurrer to a second amended complaint, dismissing an action for specific performance. We held that the superior

court, sitting in probate, is a court of general jurisdiction and may settle issues and try the case as in any other civil cause, and its decree of distribution, on the final account of an executrix, constitutes a binding adjudication on the rights of parties who appeared generally and acquiesced in everything that was done or could have been done; and such a decree is *res adjudicata* in an action to establish a claim to one half of an estate through an alleged oral contract to devise, which claim was asserted by one who had appeared generally at the hearing on the final account and had made no objection to the decree of distribution.

In the cited case, there was no plea of *res judicata*; the only pleadings before the court were the amended complaint and the demurrer. But attached to the complaint, as an exhibit, was a copy of the order approving the final account in the probate proceedings. It was not necessary for the court to look outside the pleadings to determine whether or not the matters alleged in the complaint could, or should, have been litigated in the prior hearing.

In *Lea v. Young*, 168 Wash. 496, 12 P. (2d) 601, in affirming a judgment entered upon sustaining a demurrer to the complaint, and dismissing the action, we quoted the memorandum opinion of the trial court:

" 'It is true that ordinarily *res adjudicata* is a matter of defense and must be pleaded. But here the former judgment and all matters connected therewith have been fully set out by plaintiffs themselves in this action. The demurrer, therefore, reaches it. It would be useless to require defendants to set out the same thing again to indicate affirmatively that they were relying upon the plea.' "

It is true that in the instant case reference was made to the former hearing and appeal. But, in order to determine whether or not *res judicata* applied, it would be necessary for the court to make a search outside the pleadings. We do not care to extend the rule adopted in the *Golden* and *Lea* cases.

The complaint on its face states facts sufficient to constitute a cause of action, and the demurrer should have been overruled.

The judgment of dismissal appealed from is reversed.

MALLERY, C. J., BEALS, STEINERT, JEFFERS, and HILL, JJ., concur.

MILLARD, J. (dissenting)—I dissent. I agree that the demurrer admits the truth of all well-pleaded facts, as well, also, as every legitimate inference deduced from such facts. *Puget Mill Co. v. Duecy,* 1 Wn. (2d) 421, 96 P. (2d) 571. While a demurrer admits the truth of all facts well pleaded, it does not admit conclusions of law, nor all conclusions which may be drawn from such facts by the pleader.

Within the four corners of the complaint, we find that appellant, in a subsequent action, seeks to recover expenses incident to another action he successfully prosecuted for the recovery of a legal right. We are committed to the rule that one who has brought a successful action for the recovery of a legal right may not successfully maintain a subsequent action to recover expenses incident to the first action. *Choukas v. Severyns,* 3 Wn. (2d) 71, 99 P. (2d) 942, 103 P. (2d) 1106.

The fraud alleged by appellant relates to matters of proof before the probate court in the prior proceeding, and not to fraud which was extrinsic or collateral to the issue being tried; hence appellant's allegations, if accepted as true, are not such allegations of fact as constitute a cause of action. *In re Baker's Estate,* 27 Wn. (2d) 933, 181 P. (2d) 826.

It is clear that the trial court was correct in sustaining the demurrer, admitting as true each and every allegation of appellant. No cause of action is stated.

SIMPSON, J., concurs with MILLARD, J.