[No. 14125.  Department Two.  January 9, 1918.]

ANTON BRANDON et al., Appellants, v. L. W. LEAVENWORTH
et al., Respondents.[1]

JUDGMENT—RES JUDICATA—MATTERS CONCLUDED—HOMESTEADS.  In
an action to set aside a conveyance of land as a fraud upon a judg-
ment creditor and subject the same to the lien of a judgment, it is
necessary for the defendants to plead the defense that the same
was exempt as a homestead, and failing to do so or to appeal from
the judgment, judgment for the plaintiff is res judicata and bars de-
fendants' subsequent action to acquire title claiming a homestead ex-
emption.  ·

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered December 16, 1916, in favor of
the defendants, in an action for equitable relief, tried to the
court.  Affirmed.

*Baxter & Jones*, for appellants.
*Walter B. Allen*, for respondents.

CHADWICK, J.—This action was brought by appellants to
quiet title to certain real estate located in the city of Seattle,
to have the sale at which respondents bought the property
annulled and set aside, and to have the property decreed ex-
empt as appellants' homestead.

Respondents recovered judgment against appellants for
the sum of $2,128.91 and costs, in the superior court of King
county, and later, after execution returned *nulla bona*,
brought another action in the same court in the nature of a
creditor's bill, asking that a deed from appellant Anton
Brandon to appellant Eliza Brandon, his wife, be set aside on
the ground that it was made for the purpose of defrauding
respondents of their judgment; that the judgment in the
former suit be decreed a specific lien on the property, and
that it be ordered sold to satisfy the judgment.  Four or five
days before answering, appellants filed a claim of homestead

[1]Reported in 169 Pac. 867.

in the office of the auditor of King county.   A trial was had and a decree entered declaring the deed to be fraudulent and the judgment a lien, and ordering the property to be sold on execution.   This decree has never been appealed from.   Subsequently there were some proceedings in the bankruptcy court, but they do not appear to have any bearing on the rights of the parties.   Thereafter the property was sold and bid in by respondents for the amount of their judgment and costs.   The sale was duly confirmed.   No objections being filed, the sheriff issued a certificate of sale.

Although appellants had filed a declaration of homestead at the time they answered in the suit to subject their property to the lien of the judgment, they did not plead it in bar of that action.   They now contend that their title became absolute by their declaration of homestead; that the court was without jurisdiction to enter a decree which would affect it in any way; and the sale, having been made in defiance of the statutory method of selling a homestead, is void and respondents acquired no title.

The only question involved is whether the decree in the action brought by respondents to subject the property to the payment of the judgment is *res judicata* of appellants' right to now claim the property as a homestead.   Under the rule laid down by this court in *Traders' Nat. Bank of Spokane v. Schorr*, 20 Wash. 1, 54 Pac. 543, 72 Am. St. 17, it was the duty of appellants to plead that the land was exempt as a homestead in the suit brought to subject it to the lien of the judgment.   Having failed to do so, they are barred from litigating that question in another action.

Affirmed.

ELLIS, C. J., MOUNT, MORRIS, and HOLCOMB, JJ., concur.