[No. 23767.   Department Two.   July 26, 1932.]

THE UNION CENTRAL LIFE INSURANCE COMPANY,
*Appellant,* v. FRANK L. FISCHER *et al.,*
*Respondents.*[1]

*C. L. Whealdon* and *McMaster, Hall & Schaefer,* for
appellant.

*Bates & Burnett,* for respondents.

MILLARD, J.—This cause, which is before us on the
complaint, the answer and the decree, presents only
one question: Where real property is sold on fore-
closure of a mortgage and the mortgagee waives the
right of recovery on the mortgage notes, is the mort-
gagor, who claims the property as a homestead, en-
titled to possession thereof during the redemption
period?

[1]Reported in 13 P. (2d) 889.

The facts are summarized as follows: On December 1, 1927, Homer E. Grove, Zelda E. Grove and Frank L. Fischer and wife executed to plaintiff a mortgage on certain real property in the city of Vancouver to secure their twenty-six promissory notes for forty-eight hundred and fifty dollars and interest. Subsequently, Frank L. Fischer and wife acquired all the right, title and interest of Homer E. Grove and Zelda E. Grove in the mortgaged premises. On June 9, 1931, Frank L. Fischer executed and filed for record his declaration, claiming the property as a homestead.

Thereafter, waiving its rights to recover on the mortgage notes, plaintiff instituted this action to foreclose the mortgage (default in payment having been made by the mortgagors), and prayed that the purchaser at the foreclosure sale be placed in immediate possession of the property. A decree was entered foreclosing the mortgage as to all the defendants, and adjudging mortgagors Frank L. Fischer and wife entitled to retain possession of the mortgaged premises and to reside thereon during the statutory period of redemption. Plaintiff appeals.

The statute of 1897 (Laws of 1897, p. 227, § 1), governing the right of possession, during the redemption period, of real property sold under foreclosure was amended in 1899 (Laws of 1899, p. 93, § 15), and was again amended in 1927 (Laws of 1927, p. 74, § 1). The present law (Rem. 1927 Sup., § 602), provides that the purchaser at such sale shall have possession until a resale or redemption, and the redemptioner from the day of his redemption until another redemption, saving the rights of tenants holding under unexpired leases. Pertinent to the case at bar is the following exception to the general rule:

"And, provided further, that in case of any homestead selected in the manner provided by law and occu-

pied for that purpose at the time of sale, the judgment debtor shall have the right to retain possession thereof during the period of redemption without accounting for issues or value of occupation." § 602, *supra*.

Counsel for appellant insists that respondents are not within the classification of "judgment debtor" under the statute entitling them to retain possession during the redemption period of the mortgaged premises after the foreclosure sale. It is urged that the respondents, not being personally liable for the mortgage debt, are not judgment debtors; hence, not being judgment debtors, they have no right to retain possession of the premises during the period of redemption.

In support of that position is cited *Northwest Trust & Safe Deposit Co. v. Butcher,* 98 Wash. 158, 167 Pac. 46, where we held that, under § 602, *supra,* providing that the judgment debtor shall have the right to retain possession of the homestead during the period of redemption, one who was not the original mortgagor, and had not assumed the mortgage debt, and was not liable thereon, could not exercise such right of possession. That case is not in point. In the case at bar, the respondents were the original mortgagors.

A strictly technical interpretation of "judgment debtor" would be in consonance with the theory of the appellant. However, that would not be a rational interpretation, and would not harmonize with the policy which may be reasonably supposed to have dictated the enactment—assure to the mortgagor possession of a homestead during the period of redemption. If we agreed with the appellant, there would never be a judgment debtor. The creditor or mortgagee could always foreclose the mortgagor's equity of redemption and destroy the right of possession of the mortgaged premises as a homestead during the period of redemption.

While this is not an action to recover upon the notes

secured, it is a proceeding to recover the same debt. The respondent mortgagors were debtors of the appellant creditor, the mortgagee. Respondents, as owners of the land, were debtors in the sense that their land was the primary fund out of which the debt must be paid. Unless that land, the primary fund, was redeemed by payment of the mortgage debt, the mortgagors lost that land.

The mortgagors were judgment debtors in the sense that the decree of foreclosure operated as a conclusive and final judgment against the mortgagors to the end that the primary fund was subjected to and exhausted in the payment of the mortgage debt. In using the words ''judgment debtor,'' the legislature had in mind not only one who was by the record a judgment debtor, but one who occupied that status. While the mortgagee may release the mortgagors from the personal liability for the debt and resort to the primary fund solely, the mortgagee may not thereby deprive the mortgagors of the possession of the premises as a homestead during the redemption period.

The decree is affirmed.

TOLMAN, C. J., MAIN, HOLCOMB, and BEALS, JJ., concur.