[No. 24017.   Department Two.   August 16, 1932.]

THE STATE OF WASHINGTON, *on the Relation of The Federal Land Bank of Spokane, Plaintiff,* v. THE SUPERIOR COURT FOR WALLA WALLA COUNTY *et al., Respondents.*[1]

[1] Reported in 13 P. (2d) 890.

*Henry R. Newton, E. L. Casey,* and *Dana E. Brinck,* for relator.

*Herbert C. Bryson,* for respondents.

MAIN, J.—The Federal Land Bank of Spokane brought two actions in Walla Walla county, upon each of which it sought the foreclosure of a mortgage upon farm land. The defendants in both cases defaulted, and after the decrees of foreclosure were entered, the property was sold and purchased by the bank, to which certificates of sale were issued. Thereafter, it sought writs of assistance to be put into possession of the lands covered by the two mortgages, and upon a hearing before the superior court, this was denied. The cases are here by certiorari, to review the order of the superior court denying the writs of assistance. The superior court entered an order consolidating the two cases, and inasmuch as they are exactly alike except as to the amount of the indebtedness and the property covered in the respective mortgages, the facts of one case only will be stated.

February 17, 1922, Adolph C. Rohn and Kathryn C. Rohn, his wife, borrowed from The Federal Land Bank, which will be referred to as the bank, the sum of eight thousand dollars, for which they gave their promissory note and secured the same by a mortgage upon certain farm land owned by them at the time. November 20, 1928, Mr. and Mrs. Rohn sold and conveyed by warranty deed the land covered by the mortgage to Susie Smith, in which it was recited that the grantee assumed the mortgage.

August 18, 1931, the bank brought an action to foreclose the mortgage. Susie Smith and her husband

J. Z. Smith were parties to this action, and the summons and complaint were personally served upon each of them. They did not appear and defend the action, but, as stated, a decree was taken by default. In the decree entered March 4, 1932, there was a personal deficiency judgment taken against Mr. and Mrs. Rohn, the original mortgagors, but no personal judgment was taken against Mr. and Mrs. Smith.

The question presented is whether the bank, as purchaser at the foreclosure sale, was entitled to the possession of the property from the date of sale as against Mr. and Mrs. Smith, who were subsequent owners, but against whom no judgment was asked or taken in the foreclosure action.

In Rem. Comp. Stat., § 602, as amended in 1927 (Laws of 1927, chapter 93, p. 74), it is provided that the purchaser from the date of sale shall be entitled to the possession of the property, provided that, as to any land used for farming purposes, the "judgment debtor" shall be entitled to retain possession thereof during the period of redemption; and provided further that, in case of any homestead selected in the manner provided by law, the "judgment debtor" shall have the right to retain possession during the period of redemption.

In the recent case of *Union Central Life Insurance Co. v. Fisher*, ante p. 75, 13 P. (2d) 889, there was a mortgage foreclosure, and the defendants asserted their homestead right and claimed possession during the period of redemption. In that case, the defendants were the original mortgagors, and no personal judgment was taken against them. It was there held that, within the meaning of the statute, they were judgment debtors of the plaintiff because, as owners of the land, they were debtors in the sense that their land was the primary fund out of which the debt would be paid.

There can be no difference in the meaning of the words "judgment debtor," as it appears in the proviso with reference to farm land, from that which it has in the proviso with reference to homestead. That case, therefore, is controlling, unless there be a difference in the fact that there the defendants who claimed their homestead right were the original mortgagors, while here Mr. and Mrs. Smith, asserting their right to possession of the farm land, were not the original mortgage debtors, but are subsequent owners, having received a conveyance of the property from the original owners.

In the mortgage, it was provided that the mortgagors covenanted and agreed "to pay all moneys secured by said note when from any cause same become due." In the deed conveying the property to Susie Smith, as stated, she assumed the mortgage, and by such assumption agreed, according to the terms of the mortgage, to become obligated to pay the same. *Federal Land Bank of Spokane v. Miller,* 155 Wash. 479, 284 Pac. 751. Mr. and Mrs. Smith were, therefore, as between themselves and Mr. and Mrs. Rohn, actually obligated to pay the mortgage debt, and were at least potentially liable to the bank, which, under the terms of the mortgage and the deed, could have taken a personal judgment against them.

Mr. and Mrs. Smith being personally liable for the mortgage debt, even though not original mortgagors, we see no reason why the same rule should not be applied to them as was applied in the case above cited to the original mortgagors. The case of *Northwest Trust & Safe Dep. Co. v. Butcher,* 98 Wash. 158, 167 Pac. 46, is different, in that there the defendants were not the original mortgagors, had not assumed the mortgage, and were not liable thereon.

■ There is the further contention that, since Mr. and Mrs. Smith did not appear in the foreclosure action, after having been personally served with a copy of the summons and complaint, and assert their right to possession of the farm land during the period of redemption, that question is not now open to them. The complaint did not tender the issue as to who would be entitled to possession during the period of redemption, and the decree of foreclosure does not adjudicate that question. In *Shirland v. Union National Bank*, 65 Iowa 96, 21 N. W. 200, it was held that a judgment rendered against the defendants in a cause, upon their default, was conclusive upon them as to those rights only which were asserted by the complaint and which the defendants were thus called upon to defend. It was there said:

"We think it clear, also, that plaintiffs are not estopped from asserting that the premises are exempt as their homestead, by reason of their failure to plead that right in the former case. As we have seen, their right in that respect was in no manner questioned in that proceeding, and no relief was demanded with reference to it. They were, therefore, not called upon to assert it. It was not attacked, and they were not called upon to defend it; and we do not see that the case comes within any principle of the law of estoppel."

■ We have not overlooked the fact that the decree in the case now before us contained the provision that all persons claiming any interest in the property were foreclosed and barred of any right therein or any part thereto, except the right of redemption allowed by law. This provision of the decree, however, should not be construed as determining the right of possession during the redemption period. Had it been the intention of the court to adjudicate the question at that time, there would undoubtedly have been in

the decree a specific reference to the question of possession during the redemption period.

Had the complaint tendered the issue, or had the defendants appeared by answer and not raised the question, a different question would be presented, upon which we here express no opinion. The cases of *Traders' National Bank v. Schorr,* 20 Wash. 1, 54 Pac. 543, 72 Am. St. 17, and *Brandon v. Leavenworth,* 99 Wash. 339, 169 Pac. 867, are different, in that in each of those cases the defendants appeared by answer and did not assert their homestead right. It may be that those cases are distinguishable upon another ground, but the distinction pointed out is sufficient so far as the present case is concerned.

The order of the superior court in denying a writ of assistance in each of the cases will be affirmed.

TOLMAN, C. J., BEALS, HOLCOMB, and MILLARD, JJ., concur.