[No. 23896. Department One. January 6, 1933.]

WILLIAM D. PERKINS, *Respondent*, v. J. F. LaVARNE
*et al., Appellants.*[1]

*C. S. Goshert,* for appellants.
*Edward H. Chavelle,* for respondent.

PARKER, J.—This is an appeal by the defendants, LaVarne and wife, challenging the correctness of a mortgage decree of foreclosure rendered by the superior court for King county, in so far as it adjudicates that they do not have the right of occupancy of the mortgaged property as their homestead during the statutory period of redemption following the foreclosure sale. The controlling facts are not in dispute.

On March 18, 1929, Miss Palmer, being the owner of the residence property in question, executed and delivered to Perkins a mortgage thereon to secure an indebtedness then owing by her to him. Thereafter, Miss Palmer conveyed the property to one Hardman, who

[1]Reported in 17 P. (2d) 857.

thereafter entered into an executory contract for its sale to LaVarne and wife, by the terms of which contract LaVarne and wife agreed to assume the payment of the mortgage indebtedness owing to Perkins. Since the making of that contract, LaVarne and wife have occupied the property as their home, as was their right under that contract, and have made due claim to the same as their homestead by declaration and record thereof in the manner prescribed by our homestead law.

On May 1, 1931, the whole of the unpaid portion of the mortgage indebtedness becoming due and payable, Perkins commenced this action seeking personal judgment therefor against Miss Palmer; also seeking foreclosure of the mortgage and sale of the property and application of the proceeds thereof towards the satisfaction of the mortgage indebtedness and immediate possession of the property by the purchaser at the foreclosure sale thereof; also seeking foreclosure of the mortgage as against LaVarne and wife, but not seeking any personal money judgment against LaVarne and wife under their contract assumption of the mortgage indebtedness by their contract with Hardman, the grantee of Miss Palmer.

LaVarne and wife responded by answer, putting Perkins to proof as to his right of foreclosure. It also became an issue between LaVarne and wife and Perkins as to his right to have it adjudicated in the foreclosure decree that the purchaser at the prospective foreclosure sale should have the right of immediate possession of the property upon the making of such sale; LaVarne and wife claiming, in any event, to have the right of possession and occupancy of the property as their homestead during the statutory period of redemption.

Following the trial, a decree of foreclosure was en-

tered as prayed for by Perkins, including an adjudication that the purchaser at the foreclosure sale "be let into the immediate possession of said premises." LaVarne and wife have appealed from the decree, challenging its correctness in so far as it adjudicates that the purchaser at the foreclosure sale "be let into the immediate possession of said premises."

In Rem. Rev. Stat., § 602, relating to the sale of real property under execution, we read:

"The purchaser from the day of sale  .  .  .  shall be entitled to the possession of the property  .  .  .  And, provided further, that in case of any homestead selected in the manner provided by law and occupied for that purpose at the time of sale, the judgment debtor shall have the right to retain possession thereof during the period of redemption without accounting for issues or value of occupation."

Other portions of that section are of no moment in our present inquiry. In our recent decisions in *Union Central Life Insurance Co. v. Fischer,* 169 Wash. 75, 13 P. (2d) 889, and *State ex rel. Federal Land Bank of Spokane v. Superior Court,* 169 Wash. 286, 13 P. (2d) 890, we held that vendees of mortgages, in possession of mortgaged property and obligated as LaVarne and wife are in possession of this mortgaged property and obligated under their contract of purchase with Miss Palmer, were judgment debtors within the meaning of the above quoted provisions of § 602, and, as such, were entitled to retain possession of the property during the period of redemption following the foreclosure sale. Those decisions are decisive of this appeal in favor of LaVarne and wife. It is but fair to the trial judge to here note that both of those decisions were rendered after the rendering of his decision and decree in this case, when the question was fairly debatable.

It is not contended here that the fact that LaVarne and wife hold possession of this property under an executory contract for the purchase thereof instead of under a formal conveyance to them of the legal title thereto, impairs their homestead right of possession during the period of redemption. However, our decisions in *Downey v. Wilber,* 117 Wash. 660, 202 Pac. 256, and *Desmond v. Shotwell,* 142 Wash. 187, 252 Pac. 692, seem to us to effectually answer any such contention. It is not contended here that there is any excess of value of the property impairing the homestead claim to all of it made by LaVarne and wife.

We conclude that the decree of the trial court must be reversed in so far as it adjudicates that the purchaser at the foreclosure sale "be let into the immediate possession of said premises." It is so ordered, and the cause is remanded to the superior court with directions to correct its decree in harmony with the views herein expressed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and MILLARD, JJ., concur.