[No. 25139. Department Two. December 31, 1934.]

A. L. SWANSON, *Respondent*, v. J. C. ANDERSON *et al.*, *Appellants.*[1]

*G. E. M. Pratt* and *Bennett Hoffman,* for appellants.
*Phil G. Warnock,* for respondent.

[1]Reported in 38 P. (2d) 1064.

STEINERT, J.—This is an action to forfeit a real estate contract and to regain possession of the land described therein. The answer, by way of affirmative defense, asserted a claim of homestead. Trial by the court resulted in a judgment forfeiting the contract, quieting plaintiff's title in the land, and awarding him the right to immediate possession thereof. The defendants have appealed.

On November 20, 1929, respondent sold to appellants a piece of improved real estate under written contract, according to the terms of which appellants made a substantial initial payment, assumed an existing mortgage, and agreed to pay the remainder of the purchase price in monthly installments. Appellants also assumed and agreed to pay, before delinquency, all taxes and assessments. Time was made the essence of the contract.

On March 2, 1931, appellant husband filed a declaration of homestead on the land. On March 11, 1931, appellants, as a marital community, were adjudged bankrupt. On April 18, 1931, the bankruptcy court, by order, set aside as exempt certain property of appellants, including their equity, valued at four hundred dollars, in the above real estate. On October 26, 1931, appellants obtained their discharge in bankruptcy.

On August 1, 1933, appellants were delinquent on their contract in the sum of $201.50, principal and interest, and $191.04 for delinquent and unpaid taxes. Respondent served notice of forfeiture upon appellants, the same to become effective September 3, 1933, unless the sums due were paid on or before that date. Appellants having failed to make any payment, this action was begun, with the result already stated.

Under appellants' assignments of error, two contentions are made: (1) That appellants were entitled to a homestead in the land, by virtue of their prior

declaration, and (2) that the order of the bankruptcy court was *res adjudicata* upon the question of homestead.

That a vendee in possession of real property under an executory contract to purchase may claim a homestead therein is well settled in this state. *Desmond v. Shotwell*, 142 Wash. 187, 252 Pac. 692; *Perkins v. LaVarne*, 171 Wash. 240, 17 P. (2d) 857; *Hancock Mutual Life Ins. Co. v. Wagner*, 174 Wash. 185, 24 P. (2d) 420, 27 P. (2d) 1118. The right of homestead, however, does not exist after the right of possession is lost, and the right of possession ceases when the contract is lawfully terminated.

"The homestead right is lost with the loss of the rights of the purchaser under his contract for the purchase of land. It may be lost by a forfeiture of the vendee's rights under the contract of purchase and ejectment for failure to make the several payments stipulated in the agreement, or where the contract not only has not been complied with, but has been abandoned because of inability to pay the purchase money." 29 C. J. 845, § 153(e).

See, also, *Snodgrass v. Parks*, 79 Cal. 55, 21 Pac. 429, *Alexander v. Jackson*, 3 Cal. Unrep. Cas. 344, 25 Pac. 415; *Helgebye v. Dammen*, 13 N. Dak. 167, 100 N. W. 245.

Appellants seek to justify their position upon the theory that a contract or bond for a deed is virtually the same as a mortgage. Assuming, for the sake of argument only, that this is true, appellants' position is not improved, for if the contract be treated as a mortgage, it would, at most, be a purchase money mortgage. It is generally held in other states, and particularly so in this state, that, until the purchase money is paid, the vendee has not such an interest in the land as will support a homestead right against the vendor to whom such money is due.

"It seems to us plain that the legislature intended that it should be the public policy of this state that no one should be permitted to hold a homestead as against the person from whom he had purchased and to whom he had not paid the purchase money." *Lyon v. Herboth,* 133 Wash. 15, 233 Pac. 24.

So whether we treat the contract as ended by notice and ultimate forfeiture, or still existing and, in effect, a purchase money mortgage, the result is the same.

■ Appellants next contend that the order of the bankruptcy court with reference to the homestead is *res adjudicata.* Although it is of no particular moment here, yet it is to be observed that all that the bankruptcy court did, by its order, was to award to appellants their equity, valued at four hundred dollars, in the above real estate.

What we have already said with respect to appellants' first contention applies with equal force to their second contention. The right of homestead *ceased* when appellants lost their right of possession. The purchase price not having been paid, the vendees' interest in the land, whatever it may have been, does not support a homestead right against the vendor, nor is the order of the bankruptcy court setting aside specific property as a homestead *res adjudicata* of the superiority of the homestead exemption over the rights of the unpaid vendor under the contract. The reasoning in the case of *Lyon v. Herboth, supra,* is applicable, with even stronger force, to the situation presented by the facts of this case, wherein the vendor has not merely a lien upon, but the title to, the real estate.

The judgment is affirmed.

BEALS, C. J., MITCHELL, HOLCOMB, and BLAKE, JJ., concur.