[No. 25848. *En Banc.* February 17, 1936.]

The State of Washington, *on the Relation of Charles Crawford, Plaintiff,* v. Timothy A. Paul, *as Judge of the Superior Court for Walla Walla County, Respondent.*[1]

*H. B. Noland,* for relator.

*J. D. Kimball* and *G. S. Bond,* for respondent.

Mitchell, J.—This is a proceeding in certiorari, original in this court. The cause has been presented upon a petition and return thereto.

On February 27, 1929, Rebecca Ann Kane and James Kane, her husband, executed and delivered to Charles Crawford and Emma Crawford, his wife, their promissory note in the sum of one thousand dollars, payable three years after date, and, to secure its payment, executed and delivered to them a mortgage on real property belonging to the mortgagors, situate in Walla Walla county, Washington. Thereafter, Emma Crawford died, whereupon her surviving husband succeeded to all her rights in and to the note and mortgage. James Kane died, leaving no heir

[1]Reported in 54 P. (2d) 411.

or next of kin, except his surviving wife, Rebecca Ann Kane, who, under his will, succeeded to all his interest in and to the real estate described in the mortgage.

After maturity of the note and mortgage, Charles Crawford instituted an action on the note and to foreclose the mortgage, and for judgment and decree that plaintiff shall have the right to purchase the property at sheriff's sale, and that the purchaser of the property at the sheriff's foreclosure sale be placed in immediate possession of the premises.

The defendant, Rebecca Ann Kane, was served personally with copies of the summons and complaint, delivered to her on March 27, 1935, by the sheriff, in Walla Walla county. She appeared in the foreclosure action by G. S. Bond, her attorney, and thereafter failed to plead or answer as required by law, and upon notice duly given, she was, by order duly entered May 20, 1935, adjudged to be in default. Thereafter, judgment was entered in favor of the plaintiff and against the defendant, including the foreclosure of the mortgage by a decree in the usual form in accordance with the demands of the complaint, and also including a provision, as follows:

". . . that upon a sale of said property the purchaser is and will be entitled to full and immediate possession of said real estate and such purchaser shall have and hereby is given and decreed the right to take full and immediate possession thereof and shall have the right to take a writ of restitution and a writ of assistance upon this judgment commanding and requiring the sheriff to place such purchaser into full possession of said property."

The judgment and decree were entered May 23, 1935, and the property was sold at sheriff's sale on June 29, 1935, to Charles Crawford, the plaintiff, for

the amount of the judgment and costs, who received a sheriff's certificate of sale of the property. The sale was duly confirmed, and an order to that effect entered on July 12, 1935.

Proper written demand was made and served upon the defendant for possession of the premises, which demand was refused. The plaintiff then applied for a writ of assistance, and in response to a show cause order Rebecca Ann Kane appeared and for the first time in court asserted her homestead claim, alleging that, on May 18, 1935—five days before the judgment on the note and the decree of foreclosure were entered —she declared and filed a declaration of homestead on the premises. It appears that plaintiff or his attorney had no actual notice of the filing of declaration of homestead until he made a demand for possession of the premises after the sheriff's sale.

The application for a writ of assistance was denied, and an order entered to that effect. Thereupon, this proceeding was instituted.

The case is controlled by the decision in *State ex rel. O'Brien v. Superior Court,* 173 Wash. 679, 24 P. (2d) 117, adhered to on rehearing *En Banc,* 176 Wash. 704, 29 P. (2d) 1119. That was a case wherein a mortgagee-purchaser at a sheriff's foreclosure sale sought a writ of assistance to get possession of real property, and, while the writ in that case was denied because of a reason not applicable in the present case, the question in this case was presented, discussed and decided in that case. There, the decree of foreclosure did not adjudicate the question of the right of possession to the property during the period of redemption; indeed, by express language of the decree, the court refused to pass upon it at that time. It was held, however, that the question could be and was raised as late as the hearing upon the petition for a writ of assist-

ance, and upon the merits of that question, after reviewing our former cases construing the statutes, it was decided:

"The logic of the two cases just referred to is, and practical reasoning accords with it, that, if the homestead has been created at a time prior to the entry of the decree of foreclosure, the question must be raised by the claimant in that action, if he be a party thereto, or else the judgment will be *res judicata* of the matter in subsequent litigation. If, however, the homestead be declared subsequent to the entry of the decree but within thirty days after notice of such entry and prior to sale, then the claimant is not foreclosed of his right to raise the question, if timely action be taken."

The order in review in the present case is reversed, and the cause remanded with directions to the superior court to grant the writ of assistance as applied for by the relator.

MILLARD, C. J., MAIN, HOLCOMB, STEINERT, BEALS, and BLAKE, JJ., concur.

TOLMAN and GERAGHTY, JJ., dissent.