[No. 28154. Department One. November 28, 1940.]

THE STATE OF WASHINGTON, *on the Relation of* W. L. *White et al., Plaintiff,* v. MALCOLM DOUGLAS, *as Judge of the Superior Court for King County, Respondent.*[1]

[1]Reported in 107 P. (2d) 593.

*Davis & Groff* and *Ned W. Kimball,* for relators.

*James Young* and *Young, Fitch & Mathewson,* for respondent.

MAIN, J.—The question for decision in this case is whether the mortgagors or the mortgagee is entitled to the possession of the property covered by the mortgage after foreclosure and sale.

W. L. White and Hazel C. White, his wife, were the owners of property covered by a mortgage, and they resided thereon, with their two minor children. February 15, 1940, Mr. White filed a declaration of homestead. Subsequently, on March 6, 1940, the Seattle Trust and Savings Bank instituted an action of foreclosure, in which Mr. and Mrs. White were made parties defendant. They were served with summons and a copy of the complaint, but made no appearance and were defaulted. The property was subsequently sold.

Thereafter, the plaintiff in the action to foreclose and purchaser at the sale petitioned for a writ of assistance, and Mr. and Mrs. White were cited to appear before the court and give their reasons, if any, why a writ of assistance should not issue to put the bank in possession of the property. After a hearing was had on the show cause order, the superior court granted

the writ of assistance, and this order is now here for review by certiorari. The question, as above stated, is which of the parties is entitled to possession during the period of redemption.

Section 1 of Art. XIX of the constitution of this state makes it the duty of the legislature to protect by law from forced sale a certain portion "of the homestead and other property of all heads of families."

Rem. Rev. Stat., § 559 [P. C. § 7890], sets out what the declaration of homestead shall contain.

Section 528 [P. C. § 7860] provides that the homestead may be selected at any time before sale, with the provision that, unless it is selected before or within thirty days after a notice in writing of the entry of a judgment, it shall not be exempt from sale.

In § 602 [P. C. § 7917], there is a provision that, when a homestead has been selected in the manner provided by law,

". . . the judgment debtor shall have the right to retain possession thereof during the period of redemption without accounting for issues or value of occupation."

The filing of the declaration of homestead in this state creates a vested interest in the property. *Whitworth v. McKee*, 32 Wash. 83, 72 Pac. 1046; *State ex rel. Columbia Valley Lumber Co. v. Superior Court*, 147 Wash. 574, 266 Pac. 731.

Homestead and exemption laws are favored in the law, and are to be liberally construed. *North Pacific Loan & Trust Co. v. Bennett*, 49 Wash. 34, 94 Pac. 664; *Security Nat. Bank v. Mason*, 117 Wash. 95, 200 Pac. 1097.

In the case of *State ex rel. Federal Land Bank v. Superior Court*, 169 Wash. 286, 13 P. (2d) 890, it was held that, where the parties obligated to pay the mortgage were not made parties to the action of fore-

closure and made no appearance, they would be entitled to possession during the period of redemption. It was pointed out in the opinion in that case that no view was expressed as to what the rule would be where the complaint tendered the issue as to the right of possession during the redemption period or the defendants appeared by answer and did not raise the question. There is no distinction between that case and the one now before us, and, unless it has been modified in some respects, it is controlling.

The bank relies upon two decisions of this court as supporting the order of the superior court directing that a writ of assistance issue. The first is *State ex rel. O'Brien v. Superior Court,* 173 Wash. 679, 24 P. (2d) 117. In that case, the decree in the foreclosure action specially reserved jurisdiction to determine the matter of the right of possession in a subsequent proceeding. There is language in the opinion which, in effect, says that the defendants who are defaulted and did not appear are not entitled to claim the right of possession during the redemption period where the declaration of homestead was filed prior to the beginning of the foreclosure proceeding. On this matter, there was no issue in that case, and what was there said with reference to it was not necessary to the decision and may be said to be dictum, which, of course, is not controlling.

The other case is *State ex rel. Crawford v. Paul,* 185 Wash. 306, 54 P. (2d) 411, where the dictum of the prior case was adhered to, though, in that case, it is distinguishable from the present case in two respects. There, the defendants appeared by counsel, but failed to plead or answer. In addition to this, the decree of foreclosure expressly provided that the plaintiff in the action was entitled to a writ of assistance.

In view of the fact that what was said in the first of these two cases was dictum, and in the second, that dictum being adhered to when the case was distinguishable from the *Federal Land Bank* case, we are of the view that the rule of the *Federal Land Bank* case should be adhered to.

As above pointed out, the statute (Rem. Rev. Stat., § 528) gives the right to file a declaration of homestead any time before sale, as therein provided. That right would be denied if the decree of foreclosure should be held to be *res judicata,* as to the right to possession during the redemption period, in cases where the homestead had been claimed before the foreclosure proceeding was begun and no issue was tendered as to the right of possession.

In the case now before us, the complaint did not tender the issue as to possession during the redemption period, though, in the prayer thereof, there was a request that the purchaser at the foreclosure sale be let into the possession of the premises immediately upon the confirmation of the sale. But that does not tender an issue. The prayer is no part of the complaint and cannot enlarge the scope thereof. *Cascade Lumber Co. v. Hargis,* 167 Wash. 409, 9 P. (2d) 366; *Acme Finance Co. v. Monohon,* 188 Wash. 392, 62 P. (2d) 1089.

Our conclusion is that Mr. and Mrs. White were entitled to the possession of the property upon which the mortgage had been foreclosed during the period of redemption.

The order of the superior court directing the issuance of the writ of assistance is, therefore, reversed, and the cause remanded with direction to dismiss the proceeding.

BLAKE, C. J., ROBINSON, and DRIVER, JJ., concur.

STEINERT, J. (concurring)—While I concur in the result of the majority opinion, I feel that, in justice to the trial court, some explanation should be made of certain language, used by the present writer, in the case of *State ex rel. O'Brien v. Superior Court,* 173 Wash. 679, 24 P. (2d) 117, upon which the trial court no doubt relied, and upon which other judges of the superior court, and attorneys as well, may have relied in other cases. The language to which I refer is that portion of the *O'Brien* case appearing on page 684, volume 173, of Washington Reports, and on page 118, volume 24, of Pacific Reporter (2d), reading as follows:

"If the homestead has been created at a time prior to the entry of the decree of foreclosure, the question must be raised by the claimant in that action, *if he be a party thereto* [italics mine], or else the judgment will be *res judicata* of the matter in subsequent litigation."

Particular reference is had to the phrase *"if he be a party thereto."*

In the *O'Brien* case, this court, in answering certain specific contentions made by the relator therein, endeavored to formulate and state the rule upon the point here in question, consistent with, and deducible from, the holdings in two of our former decisions, *Brandon v. Leavenworth,* 99 Wash. 339, 169 Pac. 867, and *State ex rel. Federal Land Bank v. Superior Court,* 169 Wash. 286, 13 P. (2d) 890.

In the *Brandon* case, *supra,* the plaintiffs Brandon, husband and wife, brought suit to quiet title to certain real estate; to have the sale at which the defendants Leavenworth had bought the land set aside; and to have the property decreed exempt as plaintiffs' homestead. The relief sought was denied upon the ground that the judgment in a former action between the same parties was *res judicata* of the question involved. The

decision was based on the following set of facts: The Leavenworths originally sued the Brandons and obtained a money judgment against them. A writ of execution was issued, and a return of *nulla bona* was made. The Leavenworths then instituted a second action against the Brandons to set aside, as fraudulent, a deed which Brandon had given his wife, covering the real estate in question. Four or five days before answering in the second action against them, the Brandons filed a claim of homestead on the land, but in their answer they did not *plead their claim*. A decree was subsequently entered declaring the deed fraudulent, establishing the Leavenworths' judgment as a specific lien upon the land, and ordering the property sold on execution. No appeal was taken from that decree. The property was sold, and, at the sale, was purchased by the Leavenworths. Upon that set of facts, it was held, in the opinion rendered by this court in the action subsequently brought by the Brandons, that the decree in the second suit instituted by the Leavenworths was *res judicata* of the Brandons' right to claim the property as a homestead. The substance of the opinion is contained in one paragraph, as follows:

"The only question involved is whether the decree in the action brought by respondents [the Leavenworths] to subject the property to the payment of the judgment is *res judicata* of appellants' [the Brandons'] right to now claim the property as a homestead. Under the rule laid down by this court in *Traders' Nat. Bank of Spokane v. Schorr,* 20 Wash. 1, 54 Pac. 543, 72 Am. St. 17, it was the duty of appellants [the Brandons] to plead that the land was exempt as a homestead in the suit brought to subject it to the lien of the judgment. Having failed to do so, they are barred from litigating that question in another action." (*Brandon v. Leavenworth,* 99 Wash. 339, 340, 169 Pac. 867.)

It will be kept in mind that the basis of the decision in the *Brandon* case was that, in a former action be-

tween the same parties, the Brandons had answered, but in their answer had failed to plead a claim of homestead exemption.

In the *Federal Land Bank* case, *supra,* the mortgagee of certain land had brought suit to foreclose its mortgage. The mortgagors and their grantees were made parties defendant. The grantees were served with summons and complaint, but did not appear or defend the action. A decree was subsequently taken against them by default. The property was sold and the mortgagee became the purchaser. The mortgagee-purchaser thereafter applied for a writ of assistance to be put in possession of the land. The application for the writ was denied by the superior court. Upon a review of the matter by this court, we held that the facts brought the case within the rule of Rem. Comp. Stat., § 602 (now Rem. Rev. Stat., § 602), providing that, in case of any homestead selected in the manner prescribed by law and occupied for that purpose at the time of sale, the judgment debtor shall have the right to retain possession during the period of redemption. The opinion specifically recited that the "complaint did not tender the issue as to who would be entitled to possession during the period of redemption, and the decree of foreclosure does not adjudicate that question," and then said:

"Had the *complaint tendered the issue,* or had the defendants *appeared by answer and not raised the question,* a different question would be presented, upon which we here express no opinion. The cases of *Traders' National Bank v. Schorr,* 20 Wash. 1, 54 Pac. 543, 72 Am. St. 17, and *Brandon v. Leavenworth* [discussed above], 99 Wash. 339, 169 Pac. 867, are different, in that in each of those cases the defendants *appeared by answer and did not assert their homestead right.*" (Italics mine.)

Thus, it will be seen that in the *Brandon* case, *supra,* the homestead claim was disallowed because the claimant, *having appeared and answered* in the former action, had nevertheless failed to *plead* the exemption; while in the *Federal Land Bank* case, *supra,* the claimants *had not appeared or answered* in the prior action, nor had the complaint in that action *tendered the issue* of the right of possession during the period of redemption. In other words, in the *Federal Land Bank* case, since the mortgagee did not tender the issue in its complaint, and since the grantees did not answer, but defaulted in the action, the judgment bound the grantees *only* upon the issues presented by the complaint. Hence, the judgment was not *res judicata* of the question of the right of possession during the period of redemption.

The *O'Brien* case, *supra,* proceeded upon the basis of the two rules stated in the *Brandon* and the *Federal Land Bank* cases, respectively. It definitely appears from the opinion in the *O'Brien* case that, while the complaint in the mortgage foreclosure action did not tender the issue of possession during the period of redemption, yet the relators, who were the grantees of the mortgagors, appeared and interposed a general denial. To that extent, the situation was similar to that in the *Brandon* case, and the result might have been the same as in that case had it not been for the fact that the trial court, in the foreclosure action involved in the *O'Brien* case, not only expressly declined to pass upon the question of possession, but reserved that question for future adjudication.

Upon analysis of the *Brandon* and the *Federal Land Bank* cases, the *O'Brien* case drew the conclusion, and endeavored to lay down the rule, that if the issue of the right of possession during the period of redemption be tendered by the complaint, or if there be an answer

which fails to tender that issue, the judgment is *res judicata* of that question. Conversely, if the complaint does not tender the issue and if the defendant does not answer, the judgment is not *res judicata* of the question of the right of possession during the period of redemption. That is the extent to which the opinion in the *O'Brien* case intended to go.

Unfortunately, however, in a subsequent paragraph, the opinion in that case used language which went further than was intended. I quote the language again:

"If the homestead has been created at a time prior to the entry of the decree of foreclosure, the question must be raised by the claimant in that action, *if he be a party thereto* [italics mine], or else the judgment will be *res judicata* of the matter in subsequent litigation."

Obviously, the phrase "if he be a party thereto" extends the rule theretofore declared beyond the limit intended, for, under that phraseology, the foreclosure action would be *res judicata* even in those cases where judgment had been taken by default and the complaint had failed to tender the issue of possession during the redemption period; in such a situation, the only requisite would be that the claimant be made a party defendant. Obviously, that result was not intended. The phrase "if he be a party thereto," appearing in the *O'Brien* case, should have read "if he appears and answers therein." Had the latter phrase been used, the quoted paragraph would have been in harmony with the preceding portion of the opinion, and the rule therein announced would have been consistent with our holdings in the *Brandon* and the *Federal Land Bank* cases, and would have expressed exactly the view which, in my opinion, has been the one taken by this court ever since the decision in the *O'Brien* case. That rule is in absolute accord with all our prior decisions and with the majority opinion in this case.